UNITED STATES of America

v.

WHITNEY NATIONAL BANK OF NEW ORLEANS.

Civ. A. No. 82-5111.

United States District Court, E.D. Louisiana.

July 7, 1987.

David L. Rose, Katherine A. Baldwin, Loretta K. Connor and Bart Van de Weghe, Dept. of Justice, Washington, D.C., for U.S.

Kenneth P. Carter, Stefan Kazmierski, W. Glenn Burns, Reber M. Boult, and Gail B. Agrawal, of Monroe & Lemann, New

**442**

Orleans, La., for Whitney Nat. Bank of New Orleans.

HEEBE, District Judge.

This cause came on for hearing on a previous day on the motion of defendant, Whitney National Bank, to dismiss the United States' cause of action against the Whitney National Bank, or alternatively, to dismiss the United States' claims for back pay relief.

The Whitney National Bank (hereinafter referred to as the Bank) asserts two grounds for dismissal. The Bank first contends that the regulations issued by the Secretary of Labor pursuant to Executive Order 11246, as amended, are in direct conflict with Title VII, as amended by the Equal Opportunity Act of 1972, insofar as they authorize the Department of Justice to institute suit seeking remedial relief for discriminatory practices of government contractors. Secondly, the Bank argues that the regulations requiring back pay and other forms of retrospective relief for victims of discrimination are unlawful because the Executive Order does not delegate authority to the Secretary of Labor to require such relief, and the executive branch does not possess the power to require such relief as a condition of doing business with the federal government.

The Court, having heard the arguments of counsel and having studied the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule. In *United States v. New Orleans Public Service, Inc.,* 553 F.2d 459, 473 (5th Cir.1977), vacated and remanded on other grounds, 436 U.S. 942, 98 S.Ct. 2841, 56 L.Ed.2d 783 (1978), reaffirmed in relevant part, 638 F.2d 899 (5th Cir.1981), cert. denied, 454 U.S. 892, 102 S.Ct. 387, 70 L.Ed.2d 206 (1981), the Fifth Circuit Court of Appeals sustained the authority of the Justice Department to bring suit to enforce the provisions of the Executive Order. Therefore, this Court finds that the Department of Justice is authorized to seek remedial relief pursuant to Executive Order 11246. As to the second issue, the Court finds that Executive Order 11246 lawfully imposes a back pay obligation on government contractors allegedly guilty of discriminatory employment practices. *United States v. Duquesne Light Co.,* 423 F.Supp. 507, 509 (W.D.Pa.1976). The regulations promulgated under Executive Order 11246 impose on government contractors an obligation to identify and provide back pay relief to the victims of discrimination. 41 C.F.R. § 60–1.26(e).

Accordingly,

IT IS THE ORDER OF THE COURT that the motion of defendant, Whitney National Bank, to dismiss and alternative motion to partially dismiss be, and the same is hereby DENIED.